1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOE BURNELL,                          )       No. C 06-2246 JSW (PR)
                                      )
            Plaintiff,                )       ORDER OF DISMISSAL AND
                                      )       DENYING MOTION FOR LEAVE
    v.                                )       TO PROCEED IN FORMA
                                      )       PAUPERIS
                                      )
R. RICE, et. al.,                     )       (Docket No. 2)
                                      )
            Defendants.               )
_____ )

     Plaintiff, a prisoner formerly incarcerated at Pelican Bay State Prison, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  Plaintiff alleges that prison officials at that facility failed to protect him from an assault.  Plaintiff states he did not exhaust the administrative grievance procedures available to him through the third formal level of review before he filed this complaint.  Accordingly, the Court will dismiss the complaint without prejudice to Plaintiff filing a new complaint after he exhausts the administrative remedies available to him.

**DISCUSSION**

     The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory and no longer left to the discretion of the district court. *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006) (citing *Booth v. Churner*, 532 U.S. 731,

739 (2001)).  "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards."  *Id.*  Even when the relief sought cannot be granted by the administrative process, i.e., monetary damages, a prisoner must still exhaust administrative remedies.  *Id.* at 2382-83 (citing *Booth*, 532 U.S. at 734).

Although exhaustion is an affirmative defense, the Court may dismiss a complaint sua sponte for failure to exhaust if it is clear from the face of the complaint and attached exhibits that Plaintiff has not satisfied the exhaustion requirement.  *Wyatt v. Terhune,* 315 F.3d 1108, 1119-20 (9th Cir. 2003); *cf. Franklin v. Murphy,* 745 F.2d 1221, 1228-30 (9th Cir. 1984) (although running of statute of limitations is affirmative defense, it may be grounds for sua sponte dismissal where defense is complete and obvious from face of the pleadings).

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers.  *See id.* § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections.  *Id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  This satisfies the administrative remedies exhaustion requirement under § 1997e(a).  *Id.* at 1237-38.

Here, Plaintiff admits that he has not presented his complaint through all levels of the state prison administrative grievance system.  *See* Complaint at 2.  Plaintiff asserts that he did not do so because "the state cannot award plaintiff money requested(.)"  *Id.* at 2.  Therefore, he has failed to exhaust his administrative remedies.  Courts do not have discretion under § 1997e(a) to excuse exhaustion.  *Booth*, 532 U.S. 731, 740-41 n.5.

Even when the prisoner seeks relief not available in grievance proceedings,

1  notably money damages, exhaustion is a prerequisite to suit.  *Id.*  A prisoner "seeking

2  only money damages must complete a prison administrative process that could provide

3  some sort of relief on the complaint stated, but no money."  *Id.*  Where Plaintiff has not

4  even attempted to appeal his grievance through each level of review, the Court must

5  dismiss the complaint.

6       Therefore, the complaint is DISMISSED without prejudice.  Plaintiff may file a

7  new complaint, alleging the same subject matter of the substantive complaint, if and when

8  he exhausts the administrative remedies available to him.  Based upon this dismissal,

9  Plaintiff's pending motion for leave to proceed in forma pauperis (docket no. 2) is

10 DENIED as moot.  The Clerk shall close the file and enter judgment.

11      IT IS SO ORDERED.

12 DATED: August 28, 2006                    _____
                                             JEFFREY S. WHITE
13                                           United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28